ENDEL WILLIAMS,
    Plaintiff,

CIVIL ACTION NO. 18-CV-1232

v.

CITY OF RACINE,
    Defendant.

## DEFENDANT CITY OF RACINE'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE COMPLAINT OF ENDEL WILLIAMS

Defendant City of Racine (the "City"), by its undersigned attorneys, for its Answer and Affirmative and Other Defenses to the Complaint of Plaintiff Endel Williams (ECF No. 1, the "Complaint") alleges and states as follows:

### NATURE OF THE ACTION

To the extent the averments contained in this section of Endel Williams' ("Williams") Complaint are not allegations, are a narrative, or call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City admits that Williams seeks relief under Title VII and the ADA[1], but denies the remaining allegations contained in this section of Williams' Complaint and affirmatively states that Williams is not entitled to the relief he seeks from the City.

### JURISDICTION AND VENUE

1. To the extent the allegations contained in Paragraph 1 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City admits

---

[1] Any capitalized terms that are not defined herein shall be construed to have the same meaning as defined in Williams' Complaint.

that this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, subject to and without waiving any of the City's Affirmative and Other Defenses. Further responding, the City admits that Williams seeks relief under Title VII and the ADA, but denies the remaining allegations contained in Paragraph 1 of Williams' Complaint and affirmatively states that Williams is not entitled to the relief he seeks from the City.

2. To the extent the allegations contained in Paragraph 2 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City admits that venue is proper in the Eastern District of Wisconsin and that Williams' employment records from his employment with the City are maintained within that District. The City denies the remaining allegations contained in Paragraph 2 of Williams' Complaint.

## PARTIES

3. The City admits the allegations contained in Paragraph 3 of Williams' Complaint.

4. The City admits the allegations contained in Paragraph 4 of Williams' Complaint.

## STATEMENT OF CLAIMS

5. The City admits the allegations contained in Paragraph 5 of Williams' Complaint.

6. The City admits the allegations contained in Paragraph 6 of Williams' Complaint.

7. The City denies the allegations contained in Paragraph 7 of Williams' Complaint.

8. Responding to the allegations contained in Paragraph 8 of Williams' Complaint, the City denies the allegations contained in Paragraph 8 of Williams' Complaint to the extent they suggest or allege that Carr actually made the racially derogatory remarks alleged in Paragraph 8 of Williams' Complaint. Further responding, the City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Carr was Williams' supervisor at the unspecified time Williams became aware of these false allegations, and therefore denies the same

and puts Williams to his strict proof thereon. The City further denies that Williams became aware of any racially derogatory remarks allegedly made about him other than the two racially derogatory remarks set forth in Paragraph 8 of Williams' Complaint. Further responding, the City affirmatively states that it is aware that Williams, at an unknown time during his employment with the City, was erroneously informed by an unknown third party that Carr made racially derogatory remarks about Williams. The City denies any remaining allegations in Paragraph 8 of Williams' Complaint to the extent not already responded to in this Paragraph 8 of the City's Answer.

9. Responding to Paragraph 9 of Williams' Complaint, the City admits the allegations contained in Paragraph 9 of Williams' Complaint to the extent they allege Haas gave Williams a written reprimand on August 20, 2015 for being insubordinate to Carr. Further responding, the City denies the allegations contained in Paragraph 9 of Williams' Complaint to the extent they allege or suggest that Williams was not insubordinate to Carr on or around August 20, 2015 or that the written reprimand issued by Haas on August 20, 2015 was otherwise improper or unsubstantiated. The City denies any remaining allegations in Paragraph 9 of Williams' Complaint to the extent not already responded to in this Paragraph 9 of the City's Answer.

10. The allegations in Paragraph 10 of Williams' Complaint are too vague to either confirm or deny. As a result of the vagueness of the allegations in Paragraph 10 of Williams' Complaint, the City lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon. Further responding, to the extent the allegations in Paragraph 10 relate to the August 20, 2015 discipline alleged in Paragraph 9 of Williams' Complaint, the City admits that Williams informally objected to and disputed the August 20, 2015 discipline, but denies that Williams formally objected to and disputed the August 20, 2015 discipline through the grievance process

3

set forth in the Racine Waterworks Commission Policy Manual for Racine Water Utility Employees and in the City of Racine Municipal Code of Ordinances.

11. Responding to Paragraph 11 of Williams' Complaint, the City denies the allegations contained in Paragraph 11 of Williams' Complaint. Further responding, the City denies the allegations contained in Paragraph 11 of Williams' Complaint to the extent they allege or suggest that the City actually discriminated or harassed Williams in any way or that Williams is entitled to any relief from the City for the claims asserted in Williams' Complaint.

12. The City denies the allegations contained in Paragraph 12 of Williams' Complaint.

13. Responding to Paragraph 13 of Williams' Complaint, the City denies that, on or about January 8, 2016, the City subjected Williams to "disciplinary action" as that term is defined in the Racine Waterworks Commission Policy Manual for Racine Water Utility Employees and in the City of Racine Municipal Code of Ordinances. Further responding, the City admits that Williams was verbally reprimanded on January 8, 2016 for being insubordinate to Carr. Further responding, the City denies the allegations contained in Paragraph 13 of Williams' Complaint to the extent they allege or suggest that Williams was not insubordinate to Carr on or about January 8, 2016 or that it was otherwise improper or unsubstantiated for Williams to be verbally reprimanded for his actions on or about January 8, 2016. Further responding, to the extent the allegations in Paragraph 13 of Williams' Complaint allege that Williams "objected to and disputed the [January 8, 2016] disciplinary action," the City denies that Williams being verbally reprimanded on or about January 8, 2016 constituted a "disciplinary action" as that term is defined in the Racine Waterworks Commission Policy Manual for Racine Water Utility Employees and in the City of Racine Municipal Code of Ordinances. Further responding, to the extent the allegations in Paragraph 13 of Williams' Complaint allege that Williams objected to and disputed being verbally reprimanded

on January 8, 2016, the City admits that Williams verbally objected to and disputed to being verbally reprimanded on January 8, 2016. The City denies any remaining allegations in Paragraph 13 of Williams' Complaint to the extent not already responded to in this Paragraph 13 of the City's Answer.

14. The City admits those parts of Paragraph 14 of Williams' Complaint that allege that Williams filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 22, 2016, and that the January 22, 2016 EEOC charge alleged discrimination based upon race and retaliation. The City denies the remaining allegations contained in Paragraph 14 of Williams' Complaint. Further responding, the City denies the allegations contained in Paragraph 14 of Williams' Complaint to the extent they allege or suggest that the City discriminated against Williams or acted unlawfully toward him in any way or that Williams is entitled to any relief from the City for the claims asserted in Williams' Complaint.

15. The City denies the allegations contained in Paragraph 15 of Williams' Complaint.

16. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

17. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

18. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

19. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

20. The City admits the allegations contained in Paragraph 20 of Williams' Complaint to the extent they allege that Williams was placed on light duty during various times in 2016 and 2017. The City denies any remaining allegations in Paragraph 20 of Williams' Complaint to the extent not already responded to in this Paragraph 20 of the City's Answer.

21. The City admits the allegations contained in Paragraph 21 of Williams' Complaint to the extent that they are referring to a Work Status Report dated March 15, 2017 and electronically signed by Dr. David R. Ross, which stated that "[Williams] may return to full duty on:3/15/17." The City denies any remaining allegations in Paragraph 21 of Williams' Complaint to the extent not already responded to in this Paragraph 21 of the City's Answer.

22. The City denies that part of the allegations contained in Paragraph 22 of Williams' Complaint that allege that Carr directed Williams to clean the inside of a basin "[i]mmediately after being released to return to work." Further responding, the City admits that the task of cleaning the inside of basins is a job duty that is assigned to and expected of Water Utility Construction Workers, and involves climbing a vertical ladder.

23. The City denies the allegations contained in Paragraph 23 of Williams' Complaint.

24. The City admits the allegations contained in Paragraph 24 of Williams' Complaint.

25. To the extent the allegations contained in Paragraph 25 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 25 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

26. To the extent the allegations contained in Paragraph 26 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 26 of Williams' Complaint.

27. The City denies the allegations contained in Paragraph 27 of Williams' Complaint.

28. To the extent the allegations contained in Paragraph 28 of Williams' Complaint call for a legal conclusion, no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 28 of Williams' Complaint.

29. To the extent the allegations contained in Paragraph 29 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City admits that solely abstaining from cleaning the basins would not impose an undue hardship on the City, but denies the allegations in Paragraph 29 of Williams' Complaint to the extent they allege or suggest that Williams ever requested an accommodation that was limited only to not cleaning the basins. Further responding, the City denies the allegations in Paragraph 29 of Williams' Complaint to the extent they allege or suggest the City discriminated or acted improperly towards Williams in any way, or that Williams is entitled to relief from the City for any of the claims asserted in his Complaint.

30. To the extent the allegations contained in Paragraph 30 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 30 of Williams' Complaint.

31. The City admits any part of the allegations contained in Paragraph 31 of Williams' Complaint that allege or suggest that the City issued a memorandum on September 20, 2017 that

placed Williams on paid administrative leave, effective September 21, 2017. Further responding, the City denies those parts of the allegations contained in Paragraph 31 of Williams' Complaint that allege that the September 20, 2017 memorandum "prohibit[ed] Williams from performing any further work with the City." Further responding, the City denies the allegations contained in Paragraph 31 of Williams' Complaint to the extent they allege or suggest that the City engaged in any wrongdoing with respect to Williams or that Williams is entitled to any relief for the claims he asserts against the City. The City denies any remaining allegations in Paragraph 31 of Williams' Complaint to the extent not already responded to in this Paragraph 31 of the City's Answer.

32. To the extent any part of the allegations contained in Paragraph 32 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon. Further responding, the City denies the allegations contained in Paragraph 32 of Williams' Complaint to the extent they allege or suggest that the City engaged in any wrongdoing with respect to Williams or that Williams is entitled to any relief for the claims he asserts against the City.

33. To the extent any part of the allegations contained in Paragraph 33 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon. Further responding, the City denies the allegations contained in Paragraph 33 of Williams' Complaint to the extent they allege or suggest that the City retaliated against Williams, discriminated against Williams, or otherwise engaged in any

wrongdoing with respect to Williams or that Williams is entitled to any relief for the claims he asserts against the City.

34. The City denies the allegations contained in Paragraph 34 of Williams' Complaint.

35. The City denies the allegations contained in Paragraph 35 of Williams' Complaint to the extent that they allege that the City has had "ample" sedentary work for Williams since placing him on administrative leave. Further responding, the City admits the allegations contained in Paragraph 35 of Williams' Complaint to the extent that, on September 29, 2017, the City offered Williams sedentary work that he could perform at City Hall until his Independent Medical Evaluation was completed. The City denies any remaining allegations in Paragraph 35 of Williams' Complaint to the extent not already responded to in this Paragraph 35 of the City's Answer.

36. The City admits the allegations contained in Paragraph 36 of Williams' Complaint.

37. To the extent the allegations contained in Paragraph 37 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 37 of Williams' Complaint.

38. To the extent the allegations contained in Paragraph 38 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 38 of Williams' Complaint.

39. To the extent the allegations contained in Paragraph 39 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 39 of Williams' Complaint.

40. Responding to Paragraph 40 of Williams' Complaint, the City admits those allegations accurately quote a portion of a Determination from the EEOC dated September 25, 2017 (the

"Determination"). Further responding, the City denies the allegations in Paragraph 40 of Williams' Complaint to the extent they otherwise mischaracterize, misconstrue, or take out of context the full text of the Determination. Further responding, the City denies the allegations contained in Paragraph 40 of Williams' Complaint to the extent they allege or suggest that the City engaged in any wrongdoing with respect to Williams or that Williams is entitled to any relief for the claims he asserts against the City.

41. Responding to Paragraph 41 of Williams' Complaint, the City admits those allegations accurately quote, with alterations, a portion of a Determination from the EEOC sometime in or around February 2018 (the "Second Determination"). Further responding, the City denies the allegations in Paragraph 41 of Williams' Complaint to the extent they otherwise mischaracterize, misconstrue, or take out of context the full text of the Second Determination. Further responding, the City denies the allegations contained in Paragraph 41 of Williams' Complaint to the extent they allege or suggest that the City engaged in any wrongdoing with respect to Williams or that Williams is entitled to any relief for the claims he asserts against the City.

42. To the extent the allegations contained in Paragraph 42 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Williams' Complaint, and therefore denies the same and puts Williams to his strict proof thereon.

43. To the extent the allegations contained in Paragraph 43 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 43 of Williams' Complaint.

44. To the extent the allegations contained in Paragraph 44 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 44 of Williams' Complaint.

45. To the extent the allegations contained in Paragraph 45 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 45 of Williams' Complaint.

46. To the extent the allegations contained in Paragraph 46 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 46 of Williams' Complaint.

47. To the extent the allegations contained in Paragraph 47 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 47 of Williams' Complaint.

48. To the extent the allegations contained in Paragraph 48 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 48 of Williams' Complaint.

49. To the extent the allegations contained in Paragraph 49 of Williams' Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City denies the allegations contained in Paragraph 49 of Williams' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant City of Racine ("City") for its Affirmative and Other Defenses to the Complaint of Plaintiff Endel Williams ("Williams") states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Williams has failed to state sufficient facts to sustain a claim of discrimination based upon race and/or disability.

## THIRD AFFIRMATIVE DEFENSE

Williams has failed to state sufficient facts to sustain a claim of retaliation based on any protected activity.

## FOURTH AFFIRMATIVE DEFENSE

Williams cannot establish a prima facie case of discrimination.

## FIFTH AFFIRMATIVE DEFENSE

Williams cannot establish a prima facie case of retaliation.

## SIXTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because the City has legitimate, non-discriminatory reasons—wholly unrelated to Williams' alleged disability, alleged requests for accommodation, or his race—for taking the allegedly discriminatory actions about which Williams complains.

## SEVENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because the City has legitimate, non-retaliatory reasons for taking the allegedly retaliatory actions about which Williams complains.

## EIGHTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because the alleged discriminatory actions were based on reasonable factors other than the basis of race, disability, or retaliation.

### NINTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because upon information and belief, Williams does not suffer from a "disability" as that term is defined under 42 U.S.C § 12102(1).

### TENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because upon information and belief, Williams is not a "qualified individual with a disability" as that term is defined under 42 U.S.C § 12111(8).

### ELEVENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because the City offered Williams a "reasonable accommodation" as that term is defined under 42 U.S.C. § 12111(9), and Williams rejected the offered reasonable accommodation.

### TWELFTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because no "reasonable accommodation" as defined under 42 U.S.C. § 12111(9) exists for his alleged disability, other than those offered to Williams.

### THIRTEENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, because the only accommodation Williams may have requested actually amounts to a request not to use any vertical ladders and such accommodation is not reasonable because it is not limited to the cleaning of basins and therefore would impose an "undue hardship" on the City as defined under 42 U.S.C. § 12111(10).

### FOURTEENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, to the extent that Williams posed a direct threat to the safety of Williams or others and such a threat could not be eliminated or reduced by

reasonable accommodation, including but not limited to the only accommodation Williams may have requested.

### FIFTEENTH AFFIRMATIVE DEFENSE

Williams' claims are or may be barred, in whole or in part, because they may be based on acts that were not part of his EEOC administrative charges or are based on acts that were not developed by reasonable investigation during those charges.

### SIXTEENTH AFFIRMATIVE DEFENSE

Williams' claims are or may be barred, in whole or in part, to the extent that he did not file his EEOC administrative charges within the proper time after the alleged discriminatory or retaliatory actions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Williams' claims are barred, in whole or in part, to the extent they are based on acts that occurred 301 days or more before the time he filed any EEOC administrative charge.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Williams' claims may be barred, in whole or in part, to the extent Williams failed to exhaust his administrative remedies or that any of the relief that he seeks is based on a claim not filed within the 90-day time limit imposed by the EEOC to file claims based on any EEOC administrative charge of any discrimination.

### NINETEENTH AFFIRMATIVE DEFENSE

Williams' claims are or may be barred, in whole or in part, by the applicable statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

Williams' claims are or may be barred, in whole or in part, by Williams' failure to take reasonable measures to mitigate, minimize or avoid damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Williams' claims are or may be barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and/or release.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

For the purposes of preservation only, the City asserts those defenses identified in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b) to the extent the City becomes aware of facts demonstrating any of those defenses are available to it in addition to those Affirmative and Other Defenses already asserted herein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The City reserves the right to supplement or amend its Answer and Other Affirmative Defenses and to raise any other Affirmative or Other Defenses as they become known during the course of the litigation.

WHEREFORE, Defendant City of Racine requests that, with respect to Plaintiff Endel Williams' claims, this Court enter judgment in the City's favor and against Williams in the following manner:

1. That Williams' claims asserted in the Complaint be dismissed in their entirety with prejudice;

2. An award to the City of its costs, attorneys' fees, and disbursements as allowed by law; and

3. That the City be awarded such other and further relief as this Court may deem just and proper.

Dated and respectfully submitted this 24th day of September 2018.

CITY ATTORNEY'S OFFICE, CITY OF RACINE

By: s/Marisa L. Roubik
Marisa L. Roubik, Assistant City Attorney
State Bar No: 1094335
marisa.roubik@cityofracine.org
Scott R. Letteney, City Attorney
State Bar No: 1000559
scott.letteney@cityofracine.org
730 Washington Avenue, Room 201
Racine, WI 53403
Phone: (262) 636-9115
Facsimile: (262) 636-9570

MEISSNER TIERNEY FISHER & NICHOLS S.C.
Michael J. Cohen, Esq.
State Bar No: 1017787
mjc@mtfn.com
Garrett A. Soberalski, Esq.
State Bar No: 1088611
gas@mtfn.com
111 East Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622
Phone: (414) 273-1300
Facsimile: (414) 273-5840

**Attorneys for Defendant City of Racine**